***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Hall. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Hall with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff worked for defendant as a housekeeper and childcare provider at all times of plaintiff's employment by defendant. Plaintiff was employed as a "domestic servant" at all times that she worked for defendant.
2. Plaintiff testified that she was putting gumballs back in a cabinet on August 15, 2003, and as she stood up she hit her eye on the cabinet door. Plaintiff said that she went to the doctor, but was sent to the hospital because they thought that she needed sutures. The hospital report indicates that plaintiff's wounds were cleaned and closed with steri strips.
3. Plaintiff testified that she did not miss any work as a result of the injury to her right eye.
4. Plaintiff testified that she was employed as a "domestic servant" at all times during her employment with defendant. She also testified that Allison Rhodes and Leslie Myers worked as domestic servants. Defendant testified that Allison Rhodes was part-time only and filled in when needed.
5. Defendant was not covered by any workers' compensation insurance policy at the time of plaintiff's alleged injury, or any time thereafter.
6. Defendant did not employ three or more employees concurrently at any time relevant to this claim.
7. Defendant testified that he only employed "domestic servants" in his home.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-13(b) states that "[t]his article shall not apply to . . . domestic servants." Therefore, defendant is not subject to the Workers' Compensation Act. Id.
2. Defendant had not and has not waived said exemptions by procuring a workers' compensation policy as provided for by N.C. Gen. Stat. § 97-13(b).
3. Defendant is not subject to the Workers' Compensation Statute, and therefore, is not subject to penalties under N.C. Gen. Stat. § 97-94.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. PH-1044 is hereby DISMISSED WITH PREJUDICE.
3. Each party shall pay its own costs.
This the 4th day of March, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER